UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK EDWARD WILLIAM SMRZ, <br><br> Petitioner, <br><br> v. <br><br> WARDEN CHRISTENSEN, ISCC, <br><br> Respondent. | Case No. 1:21-cv-00216-BLW <br><br> **INITIAL REVIEW ORDER** |

Petitioner Patrick Edward William Smrz has filed an Amended Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction. *See* Dkt. 14. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

### 1.     Standard of Law for Review of Petition

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is

appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

As the Court has already explained to Petitioner, a court undertaking a Rule 4 review is not required to consider Petitioner's exhibits or other documents, such as briefs, affidavits, or state court briefing, and Respondent is not required address any allegations or claims in such documents. *See Pre-Screening Notice Re: Opportunity to Amend*, Dkt. 9, at 2. Therefore, the Court has considered only the Amended Petition itself in its Rule 4 review and not the attached brief, which Petitioner submitted in violation of the Court's previous order. *Id.* ("No attachments or exhibits may be included with the amended petition."). Petitioner should take care to comply with the Court's instructions in the future.

## 2.  Background and Review of Claims

In a jury trial in the Third Judicial District Court in Payette County, Idaho, Petitioner was convicted of failure to register as a sex offender, in violation of Idaho Code § 18-8304. The judgment of conviction was entered in June 2019. *Am. Pet.* at 1–2. Petitioner was sentenced to a unified term of five years in prison with two years fixed. *State v. Smrz*, No. 47117, 2020 WL 6112799, at *1 (Idaho Ct. App. Oct. 16, 2020) (unpublished). Petitioner unsuccessfully pursued a direct appeal and collateral state post-conviction relief. *Am. Pet.* at 2–3.

The Amended Petition asserts claims that will be analyzed under the First, Sixth, and Fourteenth Amendments. Though Petitioner also cites the Fifth, Ninth, and Tenth Amendments, none of his claims implicates those provisions.[1]

The Court construes the Amended Petition to assert the following claims, adding alphanumeric designations for clarity where appropriate.[2]

### A.   Ineffective Assistance Claims

Claims 1, 2, and 5 assert Sixth Amendment claims of ineffective assistance of counsel. In Claim 1, Petitioner alleges that Attorney Darrington (a) refused to file a motion to disqualify the judge, (b) abandoned Petitioner at a crucial point when Darrington was appointed to the bench, and (c) failed to request a mental health evaluation. *Am. Pet.* at 4.

In Claim 2, Petitioner alleges that Attorney Maloney (a) "failed to inform [the] court of Petitioners [sic] plan to represent himself at trial when she first learned of the fact," (b) failed to request a mental health evaluation, (c) was too busy to "represent Petitioner in a meaningful manner," (d) had Petitioner "sign a letter stating Petitioner 'should not' represent himself," (e) spent large parts of the trial "sitting next to Petitioner

---

[1] The Fifth Amendment guarantees the right to a grand jury in federal criminal cases, the right not to be subjected to double jeopardy, the right to be free from compelled self-incrimination, the right to due process from the federal government, and the right to compensation for the taking of private property. The Ninth Amendment preserves non-enumerated constitutional rights. The Tenth Amendment reserves to the states all powers that the Constitution does not delegate to the federal government or prohibit to the states.

[2] If the Court's construction of Petitioner's claims is incorrect, Petitioner must inform the Court and Respondent of any corrections within 28 days after entry of this Order.

INITIAL REVIEW ORDER - 3

texting and playing games on her phone," and (f) kept her communications with

Petitioner short because she had so many "other clients to deal with." *Id*. at 5–6.

Claim 5 asserts ineffective assistance of direct appeal counsel based on counsel's

(a) amendment of Petitioner's appellate brief to eliminate some claims, and

(b) presentation of a sentencing claim in contravention of Petitioner's instructions. *Id*. at

9.

### B.    *Claim of Denial of Right to Access the Courts*

In Claim 3, Petitioner asserts that he did not have access to a law library "even

after multiple requests" and that he was not provided with necessary books and materials.

*Id*. at 7. Claims of access-to-courts violations are analyzed under the First and Fourteenth

Amendments. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977).

### C.    *Claims of Court Error*

Claims 4, 6, 7, 8, 10, and 12 assert court errors in violation of the Due Process

Clause of the Fourteenth Amendment. In Claim 4, Petitioner alleges that the "state [was]

in default of post conviction" because it did not answer Petitioner's state post-conviction

petition in a timely manner. *Id*. at 8. The Court construes this claim as asserting a due

process violation based on the state district court's dismissal of Petitioner's post-

conviction case.

Claim 6 asserts that Judge Wiebe did not request a mental health evaluation even

though Petitioner "has been in and out of state hospitals for most of his adult life,"

"claims to be the Son of God," and at times heard voices telling him not to follow his

attorney's instructions. *Id*. at 10. Petitioner appears to claim that he was incompetent to stand trial and that the trial court should have ordered a competency evaluation.

Claim 7 asserts a due process violation based on the trial judge's refusal to issue a subpoena for one of Petitioner's witnesses. Petitioner claims that this witness was prohibited from testifying, even though he was physically present at the courthouse, because he had not been subpoenaed. *Id*. at 11.

In Claim 8, Petitioner alleges that the trial judge "refused to let Petitioner explain the meaning of hearsay and circumstantial evidence to the jury." *Id*. at 12.

Claim 10 asserts a due process violation based on the trial court's exclusion of the state's search warrant from evidence. *Id*. at 14. Claim 12 also asserts evidentiary error rising to the level of a due process violation, based on the trial court's admission of extrinsic evidence to impeach a witness's credibility. *Id*. at 16.

### D.    *Prosecutorial Misconduct Claims*

Claims 9, 11, and 13 assert due process claims of prosecutorial misconduct. In Claim 9, Petitioner alleges that, during pretrial proceedings, the prosecutor tried to intimidate Petitioner into accepting a plea. *Id*. at 13.

Claim 11 asserts that the prosecutor "tried to extort Petitioner" on the day of trial by saying, "Your witness has been charged with a misdemeanor. If you call the witness to testify I will change the charge to a felony." *Id*. at 15.

Finally, Claim 13 asserts that the prosecutor committed misconduct by repeatedly telling "the jury that they had to find the Petitioner guilty for breaking I.C. 118-8304 [sic] because the law did not say two consecutive days." *Id*. at 17.

3.      **Potentially Applicable Standards of Law**

Petitioner may proceed on the claims in the Amended Petition to the extent those claims (1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this point, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

It is necessary for the Court to review portions of the state court record to resolve preliminary procedural issues, and it would also be helpful to receive briefing from Respondent. Therefore, the Court will order the Clerk to serve a copy of the Amended Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who will provide relevant portions of the state court record to this Court.

Because Petitioner does not have a lawyer and because the Court finds that focused briefing from the parties would be beneficial in this case, the Court provides the following standards of law that might, or might not, be applicable to Petitioner's case.

A.      *Only Federal Claims Are Cognizable in this Action*

As stated earlier, federal habeas corpus relief is available if the petitioner "is in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2254(a) (emphasis added). That is, only federal claims may be raised in habeas corpus. "[F]ederal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), such as claims of error during state post-conviction proceedings, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

INITIAL REVIEW ORDER - 6

**B.**       ***Exhaustion and Procedural Default***

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is procedurally defaulted, a federal court can only consider the merits of the claim if the petitioner meets one of two exceptions. The petitioner asserting a

INITIAL REVIEW ORDER - 7

procedurally defaulted claim must make either (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing that a miscarriage of justice will occur if the claim is not heard in federal court. *See Coleman*, 501 U.S. at 731; *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Carrier*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel. For example, the failure on appeal to raise a meritorious claim of trial error may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of trial or direct appeal counsel to serve as cause to excuse the default of a claim, that ineffective assistance claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.") If the

ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of trial counsel ("IATC") must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013).

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Carrier*, 477 U.S. at 496. This standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### C.   *Timeliness Issues*

#### i.   One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Timeliness is determined on a claim-by-claim basis, rather than giving the petition as a whole a single limitations period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2).

The statute of limitations can also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). In addition, like procedural default, AEDPA's statute of limitations is subject to an actual innocence exception, and a petitioner who satisfies the actual innocence gateway standard may have otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

ii.     Stay-and-Abey Procedures and Relation-Back of Amendments

Prior to the enactment of AEDPA, the Supreme Court had held that federal courts could adjudicate a habeas petition only if *all* the claims in that petition were exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). This doctrine of "total exhaustion" required that a district court dismiss, without prejudice, any habeas petition that included even one unexhausted claim. *Id.* The appropriate course, if a claim was unexhausted, was to dismiss the petition without prejudice. Then, once the petitioner had exhausted the unexhausted claims in state court, he could return to federal court and file a new habeas petition. Alternatively, the petitioner could choose to "amend[] or resubmit[] the habeas petition to present only exhausted claims to the district court." *Id*. at 510.

The total exhaustion requirement became problematic with the passage of AEDPA, which not only preserved that requirement, but also imposed a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d). As the Supreme Court later observed,

> As a result of the interplay between AEDPA's 1-year
> statute of limitations and *Lundy*'s dismissal requirement,
> petitioners who come to federal court with "mixed" petitions

> run the risk of forever losing their opportunity for any federal
> review of their unexhausted claims. If a petitioner files a
> timely but mixed petition in federal district court, and the
> district court dismisses it under *Lundy* after the limitations
> period has expired, this will likely mean the termination of
> any federal review.

*Rhines v. Weber*, 544 U.S. 269, 275 (2005).

To address this problem, the Supreme Court held in *Rhines* that a federal district court has the discretion to stay a mixed habeas petition—a petition containing both exhausted and unexhausted claims—to allow the petitioner to present the unexhausted claims to the state courts and then later return to federal court for review of the perfected petition. *Id*. at 277. Staying a habeas case preserves the original filing date of the claims asserted in the original petition, for purposes of the one-year federal statute of limitations period.

The Ninth Circuit has since extended the holding in *Rhines*, so that the "stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). However, a stay is inappropriate if *all* the claims in a petition are exhausted. To warrant a stay, at least one of the pending state court claims must be included in the federal petition—that is, the petition must be either mixed or completely unexhausted.

Moreover, an important consideration for federal habeas petitioners is that statutory tolling of the limitations period is not permitted if the state post-conviction action was not "properly filed." If a petitioner files an untimely state post-conviction action—or one that is procedurally improper for another reason—then that action *cannot*

INITIAL REVIEW ORDER - 12

toll the federal limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Unfortunately, a petitioner usually does not receive a state court order concluding that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims the petitioner had hoped to exhaust in the state post-conviction matter. Once the federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

There is a second important statute-of-limitations consideration for federal habeas petitioners: If a petitioner amends a petition after the federal statute of limitations has run, the amendments might not receive the benefit of, or "relate back" to, the original petition's filing date. Amendments relate back to the original petition only if the original and amended pleadings both arise out of the same "'conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration omitted) (quoting Fed. R. Civ. P. 15(c)(2), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Rule 15 is applied in conjunction with the "more demanding" standard in Habeas Rule 2(c), the words "same 'conduct, transaction, or occurrence" do *not* mean simply "the same 'trial, conviction, or sentence.'" *Id*. at 655, 664. Rather, relation back is proper only when "the original and amended petitions state claims that are tied to a common core of operative facts."[3] *Id*.

---

[3] The Supreme Court offered the following examples of cases where this standard was satisfied: (1) *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (8th Cir. 2003), in which the original petition

Courts use a two-step analysis to decide whether, for statute of limitations purposes, a claim in an amended petition relates back to a claim in the original petition. The district court first must "determine what claims the amended petition alleges and what core facts underlie those claims." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). Then, "for each claim in the amended petition," the court must "look to the body of the original petition and its exhibits to see whether" (a) "the original petition set out or attempted to set out a corresponding factual episode," or (b) "whether the claim is instead supported by facts that differ in both time and type from those the original pleading set forth." *Id.* (internal quotation marks and alterations omitted).

In addition, an amendment invoking a legal theory not suggested in the original petition relates back to that original petition only if it arises from the same "episode-in-suit." *Mayle*, 545 U.S. at 659–60 (citing *Tiller v. Atl. Coast Line R. Co*., 323 U.S. 574, 580–81 (1945)). For example, ineffective assistance claims relate back to claims where the underlying substantive error is based on the same set of facts. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (determining that a claim that appellate counsel was ineffective for failing to raise double jeopardy issue related back to a timely-raised substantive double jeopardy claim), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017); *Abdulle v. Uttecht*, 2020 WL 2065882 (W.D. Wash. Jan. 6, 2020)

---

alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), "while the amended petition alleged the Government's failure to disclose a particular report," and "[b]oth pleadings related to evidence obtained at the same time by the same police department"; and (2) *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), in which "the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted." *Mayle*, 545 U.S. at 664 n.7.

(report and recomm'n), *relevant portion adopted by*, 2020 WL 2063772, at *2 (W.D. Wash. Apr. 29, 2020) (district court order).

**ORDER**

**IT IS ORDERED:**

1.      Petitioner may proceed on his claims as set forth above. The Clerk of Court will serve (via ECF) a copy of the Amended Petition (Dkt. 14), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2.      Within 120 days after service of the Amended Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first may consider the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or any claims not disposed of on the merits that appear subject to procedural defenses, the Court may then determine whether those claims are barred by any

INITIAL REVIEW ORDER - 15

procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

3.     Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

4.     If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

5.     If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

6.      In the response to the habeas petition, whether a motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

7.      Alternatively, if any of Petitioner's claims are currently under consideration in state court proceedings, Respondent (or Petitioner, for that matter) may file a motion to stay this case pending the outcome of those proceedings.

8.      No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

9.      No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

10.     The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

INITIAL REVIEW ORDER - 17

11.     Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12.     All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13.     Petitioner must at all times keep the Court and Respondent advised of any change in address.

14.   If Petitioner's custodian changes at any point during this litigation,

Petitioner must file a Notice of Substitution of Respondent within 28 days

of such change, identifying the person who is substituted as Respondent.

*See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).


DATED: September 28, 2021

B. Lynn Winmill
U.S. District Court Judge


INITIAL REVIEW ORDER - 19